**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRIAN SOZA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2155-EFM |
| ) | |
| **INTERSTATE BRAND CORPORATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on defendant's motion for sanctions. (Doc. 26). Specifically, defendant seeks an order dismissing plaintiff's emotional distress and back pay claims based on plaintiff's continued failure to respond to discovery requests and violation of a court order. Because the requested sanctions involve the dismissal of certain claims, this opinion is prepared as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the undersigned judge recommends that the motion shall be **GRANTED IN PART.**

**Background**

Highly summarized, this is an employment dispute in which plaintiff alleges that defendant (1) discriminated against him on the basis of race and (2) engaged in retaliation

after plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission. On February 12, 2009, the court conducted a status conference and granted defendant's motion to compel. (Doc. 25, filed February 17, 2009). Specifically, plaintiff was ordered to produce:

> 1. The name, address, and telephone number of all health care providers (including, but not limited to, medical facilities, hospitals, clinics, medical doctors, physicians, medical practitioners, mental health care providers, psychiatrists, psychologists, counselors, or therapists) with whom plaintiff has consulted or from whom plaintiff has been evaluated or received treatment: (a) in the past ten (10) years for any reason; or (b) at any time for loss of self-esteem, humiliation, emotional distress, mental anguish or injury, embarrassment, or depression. Plaintiff is also ordered to provide an executed ***Authorization for Use and Disclosure of Health Information*** in the form attached hereto for each health care provider identified.
>
> 2. Copies of plaintiff's federal income tax returns for 2001, 2002, 2005, and 2008 and copies of plaintiff's state income tax returns for 2002, 2005, 2006, 2007, and 2008. Alternatively, with respect to the federal income tax returns only, plaintiff may execute an IRS Form 4506 so that IBC can obtain these records.
>
> 3. Copies of any pictures or images (including those in electronic or digital form) plaintiff may have depicting any event that occurred at plaintiff's work while plaintiff was employed by defendant. If any such pictures no longer exist, plaintiff must provide defendant with a written statement to that affect as well as an explanation as to who destroyed the pictures, when they were destroyed, and why the pictures were destroyed.

Id. Plaintiff was warned that failure to comply with the court's order by February 19, 2009 "may result in sanctions against plaintiff including, but not limited to, dismissal of some or all of plaintiff's claims." Id.

## Motion for Sanctions

Defendant moves for sanctions, arguing that plaintiff's counsel sent an email at 4:08 p.m. on February 19, 2009, but that the email message did not comply with the court's discovery order. (Doc. 26, filed February 20, 2009).[1] Plaintiff filed no response to defendant's motion. Because of the nature of the requested sanctions (dismissal of plaintiff's claims for emotional distress and back pay; an order prohibiting reference to evidence concerning the flash drive; and attorney fees and costs), the court ordered plaintiff to show cause why defendant's motion should not be granted.

Plaintiff filed a response to the show cause order offering excuses and, significantly, conceding that the medical/mental health information had not been provided as ordered.[2] However, he argues that evidence concerning his medical/mental health is not relevant because "he does not intend to call a medical expert" and is not making a claim that his termination/departure from defendant's employment "caused emotional trauma that forced him to seek counseling." Doc. 29, p. 2. Notwithstanding this representation, plaintiff continues to seek one million dollars in damages for "humiliation." Final Pretrial Order, Doc. 27, p. 20. With respect to the other materials, plaintiff asserts that he has searched and has no additional documents for production and the flash drive mentioned in the order was

---

[1] The court agrees that plaintiff's email message did not satisfy the production order.

[2] Plaintiff did sign a release for medical/mental health records but did not provide the names of healthcare providers. The medical release is meaningless without the names and/or location of the relevant healthcare providers.

mailed to plaintiff's counsel but somehow disappeared. Finally, plaintiff opposes the imposition of monetary sanctions, arguing that monetary sanctions would "bankrupt him."

The court has reviewed the discovery record in this case and is persuaded that sanctions are warranted. The information/materials ordered to be produced on February 19, 2009 have been requested since December 19, 2008 and have been the subject of (1) six letters by defense counsel, (2) numerous telephone calls, (3) two conferences with the court, and finally, (4) a show cause order. The recent assertion that plaintiff's medical/mental health history is irrelevant is untimely and, therefore, summarily rejected. Moreover, as explained in greater detail below, the requested information is relevant to plaintiff's claims.

In determining an appropriate sanction, the court must consider

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. (internal citations omitted).

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). In this case defendant has been severely prejudiced in its ability to defend against plaintiff's claims because of plaintiff's failure to provided discovery concerning his mental health history. For example, plaintiff refuses to produce information concerning his history of treatment for (1) loss of self esteem, (2) humiliation, (3) emotional distress, (4) mental anguish, (5) embarrassment, or (6) depression. However, plaintiff seeks one million dollars in damages for "humiliation" and candidly concedes that he will testify that the job caused him "great misery, consternation, embarrassment, humiliation and regret." Doc. 29, p. 3. In essence, plaintiff wants to present

evidence favorable to his claims for emotional distress without allowing defendant an opportunity to fully explore plaintiff's history, if any, of treatment for similar symptoms. The requested information is relevant and the court rejects plaintiff's attempt to limit discovery.

Additionally, the failure to provide discovery in a timely manner has interfered with the judicial process by wasting opposing counsel's time and the court's resources in its efforts to secure compliance. Moreover, plaintiff is fully culpable for the failure to comply and was previously warned that sanctions, including dismissal, would likely be imposed. Finally, the efficacy of a lesser sanction (monetary) is doubtful because plaintiff argues that he is financially unable to pay a monetary sanction. Under the circumstances, plaintiff should be precluded from seeking damages for "humiliation" based on his noncompliance with this court's discovery order.

However, the court is not persuaded that plaintiff's claim for back pay should be excluded at this time. Plaintiff has provided his *federal* income tax returns for 2000, 2003, 2004, 2006 and 2007 and defendant does not explain what additional information the *state* income tax returns would provide for those years. Equally important, plaintiff left defendant's employment in December 2007 and took a job with another company in 2008. Whether plaintiff's federal and state income tax returns for 2008 have even been prepared and filed is less than clear. Most importantly, plaintiff represents that he does not have any additional documents responsive to the discovery order. The court will not strike a claim for

-5-

back pay when plaintiff has produced all of the tax returns in his possession.[3]

With respect to the flash drive, defendant asks that "plaintiff be prohibited from referencing or referring to any event that is depicted on the flash drive that has not been produced." The problem with this request is that the record is "murky" as to what "events" of discrimination were contained in the memory of the flash drive and whether the circumstances surrounding the disappearance of the flash drive rise to the level of spoliation.[4] Accordingly, defendant's request for sanctions concerning the flash drive is denied without prejudice to being reasserted in a motion in limine with a more developed record.

Finally, the court declines defendant's request for monetary sanctions. The order precluding plaintiff from offering evidence in support of his one million dollar claim for humiliation is a sufficient sanction.

**IT IS THEREFORE RECOMMENDED** that defendant's motion for sanctions **(Doc. 26)** should be **GRANTED IN PART** and that plaintiff's claim for damages based on "humiliation" or emotional distress be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may serve and file written objections to the proposed findings and recommendations with the clerk of the district court within **ten**

---

[3] Neither party addresses the issue of the alternative provision in the February Order for plaintiff's execution of IRS Form 4506.

[4] At best, the limited record reveals that plaintiff "indicated that he mailed the flash drive to counsel." Doc. 29, p. 2. However, plaintiff's counsel states that he has not received the flash drive. Id.

**(10) days** after being served with a copy of this recommendation and report. Failure to make a timely objection to this report and recommendation waives appellate review of both factual and legal issues.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of June 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge